# EXHIBIT 12

IN THE CIRCUIT COURT, OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

JUNE OZNER,

                                                    CASE NO.:

        Plaintiff,

vs.                                                 2013 CA 002019 xxxx MB

CHRISTOPHER J. HALL,

                                                    AF
        Defendant.
_____ /

### SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the state:

        YOU ARE COMMANDED to serve this Summons and a copy of the Complaint.

                **Christopher J. Hall
                106 Bison Rd.
                San Antonio, TX 78233**

        Defendant is required to serve written defenses to the Complaint or Petition on:

                **Craig B. Sherman, Esq.
                Florida Bar No. 189540
                Sherman & Sherman, P.A.
                Bank of America Building
                2000 Glades Road, Suite 204
                Boca Raton, FL 33431
                Tel: (561) 300-5888
                Fax: (561) 300-5880**

Plaintiff's attorneys, within twenty (20) days after service of this Summons on the
Defendant, exclusive of the day of service, and to file the original of the defenses with the
Clerk of this Court either before service on Plaintiff's attorneys or immediately thereafter.
If Defendant fails to do so, a default will be entered against the Defendant for the relief
demanded in the Complaint or Petition.


PX
135

SEC-OznerJ-E-0000038

*JUNE OZNER v. CHRISTOPHER J. HALL*
*Palm Beach Circuit Court*

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.  Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's attorneys" (Demandante o Abogado del Demandante").

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's attorneys" (Plaignant ou a son avocat) nomme ci-dessous.

Dated: _____ FEB 05 2013 _____

SHARON R. BOCK
Clerk & Comptroller
CLERK OF THE COURT:

KRISTIN BUTLER
By:_____
As Deputy Clerk

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

-2-

SEC-OznerJ-E-0000039

IN THE CIRCUIT COURT, OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

JUNE OZNER,

     Plaintiff,

vs.

CHRISTOPHER J. HALL,

     Defendant.

_____/

CASE NO.:

2013 CA 0 0 2 0 1 9 xxxx MB

COPY
RECEIVED FOR FILING

FEB 0 x 2013

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT COURT

## COMPLAINT

Plaintiff, JUNE OZNER (hereinafter "OZNER" or "Plaintiff") sues Defendant, CHRISTOPHER J. HALL (Hereinafter "HALL" or "Defendant"), and states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.    This is a Complaint for damages in excess of $150,000.00 for breach of a Promissory Note ("NOTE").

2.    Plaintiff was a resident of Palm Beach County, Florida, at the time the NOTE was executed.

3.    Defendant is a resident of San Antonio, Texas.

4.    At all times relevant, the actions which occurred and are hereinafter described, occurred in the State of Florida, and all payments were due in Palm Beach County, Florida.

5.    On or about January 28, 2011, the Defendant executed and guaranteed a Promissory Note in favor of Plaintiff, and Plaintiff is now the sole owner and holder of said Promissory Note.

6.    The principal amount of the note and monies loaned by Plaintiff to Defendant was $150,000.00, for which no part of the principal has been repaid.

-1-

SHERMAN & SHERMAN P.A.
Attorneys at Law

2000 GLADES ROAD · SUITE 204 · BOCA RATON, FLORIDA 33431 · TELEPHONE (561) 300-5888

SEC-OznerJ-E-0000040

*JUNE OZNER v. CHRISTOPHER J. HALL*
*Palm Beach Circuit Court*

7.    Attached hereto and identified as Exhibit "A" is a copy of the NOTE.

8.    In addition to not paying any principal, the Defendant has failed to pay all interest on said Note.

9.    The NOTE is in default for failure to pay principal when due and interest when due and to the present.

10.    Plaintiff has made demand by e-mail on several occasions upon Defendant for payment and Defendant, while acknowledging said indebtedness, has failed to make said payments for principal and interest, and indicated he is unable to make payments.

13.    This Court has jurisdiction over the Defendant for the following reasons:

a)    Paragraph 6(F) of Exhibit "A" ("the NOTE"), provides as follows:

"Jurisdiction and venue shall be in Palm Beach County Circuit Court for the purposes of enforcing this Note. The parties agree to be bound by the laws of the State of Florida.";

b)    The monies which are the subject of the Note were loaned by Plaintiff to Defendant in Florida; and

c)    The payments due from Defendant to Plaintiff were to be made in Florida (paragraph 3 (A) of the NOTE).

12.    This Court has jurisdiction for the above reasons and in addition pursuant to Chapter 48.193(1), Florida Statutes, in that the Defendant transacted business in the State of Florida and breached a contract in the State of Florida.

13.    The Plaintiff has incurred attorney's fees in the prosecution of this action and Defendant is obligated to pay attorney's fees pursuant to the Note attached as Composite Exhibit "A". (Paragraph 6(E) of the NOTE).

-2-

SHERMAN & SHERMAN P.A.
Attorneys at Law
    2000 GLADES ROAD · SUITE 204 · BOCA RATON, FLORIDA 33431 · TELEPHONE (561) 300-5888

SEC-OznerJ-E-0000041

*JUNE OZNER v. CHRISTOPHER J. HALL*
*Palm Beach Circuit Court*

7.   Attached hereto and identified as Exhibit "A" is a copy of the NOTE.

8.   In addition to not paying any principal, the Defendant has failed to pay all interest on said Note.

9.   The NOTE is in default for failure to pay principal when due and interest when due and to the present.

10.   Plaintiff has made demand by e-mail on several occasions upon Defendant for payment and Defendant, while acknowledging said indebtedness, has failed to make said payments for principal and interest, and indicated he is unable to make payments.

13.   This Court has jurisdiction over the Defendant for the following reasons:

   a)   Paragraph 6(F) of Exhibit "A" ("the NOTE"), provides as follows:

   "Jurisdiction and venue shall be in Palm Beach County Circuit Court for the purposes of enforcing this Note. The parties agree to be bound by the laws of the State of Florida.";

   b)   The monies which are the subject of the Note were loaned by Plaintiff to Defendant in Florida; and

   c)   The payments due from Defendant to Plaintiff were to be made in Florida (paragraph 3 (A) of the NOTE).

12.   This Court has jurisdiction for the above reasons and in addition pursuant to Chapter 48.193(1), Florida Statutes, in that the Defendant transacted business in the State of Florida and breached a contract in the State of Florida.

13.   The Plaintiff has incurred attorney's fees in the prosecution of this action and Defendant is obligated to pay attorney's fees pursuant to the Note attached as Composite Exhibit "A". (Paragraph 6(E) of the NOTE).

SHERMAN & SHERMAN P.A.
Attorneys at Law

2000 GLADES ROAD • SUITE 204 • BOCA RATON, FLORIDA 33431 • TELEPHONE (561) 300-5888

SEC-OznerJ-E-0000042

*JUNE OZNER v. CHRISTOPHER J. HALL*
*Palm Beach Circuit Court*

14.     The Plaintiff has performed all conditions precedent or said conditions have occurred, have been waived, or have been excused.

## COUNT I
## BREACH OF CONTRACT - PROMISSORY NOTE

15.     Plaintiff hereby re-alleges and re-incorporates the allegations in paragraphs 1-14, as if set forth herein.

16.     This is a count for damages of $150,000.00 plus interest, costs and attorney's fees for failure of Defendant to pay the Promissory Note attached hereto as Exhibit "A".

17.     Although demand has been made, and Defendant has promised to repay said Note, Defendant has failed and refused to pay said Note and said Note is now past due and in default.

18.     Plaintiff has incurred attorney's fees in the prosecution of this action and Defendant is obligated for said attorney's fees.

WHEREFORE,  Plaintiff requests entry of a judgment for breach of contract by virtue of failure to pay the Promissory Note attached as Exhibit "A", in the sum of $150,000.00, plus interest, costs and reasonable attorney's fees, and for such other relief which is fair and equitable.

Date: February 4, 2013

SHERMAN & SHERMAN, P.A.
Attorneys for Plaintiff, JUNE OZNER
Bank of America Building
2000 Glades Road, Suite 204
Boca Raton, Florida 33431
Telephone:  (561) 300-5888
Facsimile:   (561) 300-5880
Email: craig@shermanslaw.com

By: _____
        CRAIG B. SHERMAN, ESQUIRE
        Florida Bar No. 189540

SEC-OznerJ-E-0000043

*JUNE OZNER v. CHRISTOPHER J. HALL*
*Palm Beach Circuit Court*

14.    The Plaintiff has performed all conditions precedent or said conditions have occurred, have been waived, or have been excused.

## COUNT I
## BREACH OF CONTRACT - PROMISSORY NOTE

15.    Plaintiff hereby re-alleges and re-incorporates the allegations in paragraphs 1-14, as if set forth herein.

16.    This is a count for damages of $150,000.00 plus interest, costs and attorney's fees for failure of Defendant to pay the Promissory Note attached hereto as Exhibit "A".

17.    Although demand has been made, and Defendant has promised to repay said Note, Defendant has failed and refused to pay said Note and said Note is now past due and in default.

18.    Plaintiff has incurred attorney's fees in the prosecution of this action and Defendant is obligated for said attorney's fees.

WHEREFORE,  Plaintiff requests entry of a judgment for breach of contract by virtue of failure to pay the Promissory Note attached as Exhibit "A", in the sum of $150,000.00, plus interest, costs and reasonable attorney's fees, and for such other relief which is fair and equitable.

Date: February 4, 2013

SHERMAN & SHERMAN, P.A.
Attorneys for Plaintiff, JUNE OZNER
Bank of America Building
2000 Glades Road, Suite 204
Boca Raton, Florida 33431
Telephone:  (561) 300-5888
Facsimile:    (561) 300-5880
Email: craig@shermanslaw.com

By: _____
      CRAIG B. SHERMAN, ESQUIRE
      Florida Bar No. 189540

SHERMAN & SHERMAN P.A.
Attorneys at Law

2000 GLADES ROAD · SUITE 204 · BOCA RATON, FLORIDA 33431 · TELEPHONE (561) 300-5888

SEC-OznerJ-E-0000044

NOTE~January 28th, 2011

1.     **BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $150,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is June Ozner. I will make all payments under this Note in the form of cash, check or money order. The Lender is called the "Note Holder."

2.     **INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of Four Percent (4.00%).
The interest rate required by this Section 2 is the rate I will pay before any default described in Section 6(B) of this Note.

3.     **PAYMENTS**
       (A)     **Time and Place of Payments**
I will make a payment every month. This payment will be for interest only for the first 23 months, and then will consist of principal and interest.
I will make my monthly payment on the 1st day of each month beginning on March 1, 2011. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and if the payment includes both principal and interest it will be applied to interest before Principal. If, on January 28th, 2013, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
                    I will make my monthly payments at:
                    500 SE Mizner Boulevard, Apt. 105
                    Boca Raton, 33432 or
at a different place if required by the Note Holder.
       (B)     **Amount of Monthly Payments**
My monthly payment will be in the amount of U.S. $500.00 for the first 23 months of this Note, and thereafter will be in the amount of U.S. $150,500.00 . The Note Holder will notify me prior to the date of change in monthly payment.

4.     **BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

5.     **LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6.     **BORROWER'S FAILURE TO PAY AS REQUIRED**
       (A)     **Late Charge for Overdue Payments**
If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5 % of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.
       (B)     **Default**
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
       (C)     **Notice of Default**
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

EXHIBIT "A"

SEC-OznerJ-E-0000045

NOTE-January 28th, 2011

1.      BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $150,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is June Ozner. I will make all payments under this Note in the form of cash, check or money order. The Lender is called the "Note Holder."

2.      INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of Four Percent (4.00%).

The interest rate required by this Section 2 is the rate I will pay before any default described in Section 6(B) of this Note.

3.      PAYMENTS

        (A)     Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first 23 months, and then will consist of principal and interest.

I will make my monthly payment on the 1st day of each month beginning on March 1, 2011, I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and if the payment includes both principal and interest it will be applied to interest before Principal. If, on January 28th, 2015, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at:

500 SE Mizner Boulevard, Apt. 105

Boca Raton, 33432 or

at a different place if required by the Note Holder.

        (B)     Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $500.00 for the first 23 months of this Note, and thereafter will be in the amount of U.S. $150,500.00 . The Note Holder will notify me prior to the date of change in monthly payment.

4.      BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

5.      LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6.      BORROWER'S FAILURE TO PAY AS REQUIRED

        (A)     Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5 % of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

        (B)     Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

        (C)     Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

```
                        EXHIBIT "A"
```

SEC-OznerJ-E-0000046

(D)     No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)     Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

(F)     Jurisdiction

Jurisdiction and venue shall be in Palm Beach County Circuit Court for the purposes of enforcing this Note. The parties agree to be bound by the laws of the State of Florida.

GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8.      OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9.      WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Christopher J. Hall                          - Borrower
106 Bison Rd
San Antonio, TX 78232

                                            - Borrower

**State of Texas County**

of    6ex:CLr~

The foregoing instrument was acknowledged before me on this 3,7ᵗʰ day of January, 2011, by Christopher J. Hall.

Witness my hand and official seal. My commission expires: ˮ

Notary Public

ALICIA LITTLE
NOTARY PUBLIC
STATE OF TEXAS
My Comm Expires Sept 25,2013

     (D)     No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

     (E)     Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

     (F)     Jurisdiction

Jurisdiction and venue shall be in Palm Beach County Circuit Court for the purposes of enforcing this Note. The parties agree to be bound by the laws of the State of Florida.

**GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.**     **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.**     **WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Christopher .J. Hall            - Borrower
106 Bison Rd
San Antonio, TX 78232

_____    - Borrower

**State of Texas County**

of   6ex:CLr~

The foregoing instrument was acknowledged before me on this 3_1^th day of January, 2011, by Christopher J. Hall.

Witness my hand and official seal. My commission expires:

Notary Public

ALICIA LITTLE
NOTARY PUBLIC
STATE OF TEXAS
My Comm Expires Sept. 25,2013