# EXHIBIT 20

**PENSON FINANCIAL SERVICES, INC.**
A division of Service Asset Management Company
**AND/OR BROKER DEALERS**
**FOR WHICH IT CLEARS**

**CUSTOMER MARGIN AND SHORT ACCOUNT AGREEMENT**

1. **Applicable Rules and Regulations.** All transactions shall be subject to the constitution, rules, regulations, customs and usages of the exchange or market and its clearing house, if any, upon which such transactions are executed, except as otherwise specifically provided in this Agreement.

2. **Definitions.** "Introducing broker" means any brokerage firm which introduces securities transactions on behalf of the undersigned, which transactions are cleared through you, whether one or more. "Obligations" means all indebtedness, debit balances, liabilities or other obligations of any kind of the undersigned to you, whether now existing or hereafter arising. "Securities and other property" shall include, but shall not be limited to, money, securities, commodities or other property of every kind and nature and all contracts and options relating thereto, whether for present or future delivery. "You" or "your" refers to Penson Financial Services, Inc., a division of Service Asset Management Company. "Undersigned" refers to the customer, or the party signing this agreement on behalf of the customer.

3. **Security Interest.** All securities and other property now or hereafter held, carried or maintained by you in or for any of the accounts of the undersigned, now or hereafter opened, including any accounts in which the undersigned may have an interest, shall be subject to a first and prior lien and security interest for the discharge of all of the obligations of the undersigned to you, and are to be held by you as security for the payment of the obligations of the undersigned to you, to the fullest extent allowed by law. You shall have the right to transfer securities and other property so held by you from or to any other of the accounts of the undersigned whenever you so determine.

4. **Liquidation.** In the event of the death of the undersigned, or in the event the margin in any account in which the undersigned has an interest shall in your discretion become unsatisfactory to you, or be deemed insufficient by you, you are hereby authorized; (a) to sell any or all securities or other property which you may hold for the undersigned (either individually or jointly with others); (b) to buy any or all securities and other property which may be short in such accounts; and/or © to cancel any open orders and to close any or all outstanding contracts; all without demand for margin or additional margin, notice of sale or purchase, or other notice or advertisement, and that any prior demand or notice shall not be a waiver of your rights provided herein. You shall have the discretion to determine which securities and other property are to be sold and which contracts are to be closed. Any such sales or purchases may be made at your discretion on any exchange, the over-the-counter market or any other market where such business is usually transacted, or at public auction or private sale, and you may be the purchaser for your own account.

5. **Cancellation.** You are authorized, in your discretion, should you for any reason whatsoever deem it necessary for your protection, without notice, to cancel any outstanding order, to close out the accounts of the undersigned, in whole or in part, or to close out any commitment made on behalf of the undersigned.

6. **Payment of Indebtedness Upon Demand.** The undersigned shall at all times be liable for the payment upon demand of any obligations owing from the undersigned to you, and the undersigned shall be liable to you for any deficiency remaining in any such accounts in the event of liquidation thereof (as contemplated in Paragraph 4 of this Agreement or otherwise), in whole or in part, by you or by the undersigned; and the undersigned shall make payment of such obligations upon demand.

7. **Liability for Costs of Collection.** The costs and expenses of collection of the debit balance and any unpaid deficiency in the accounts of the undersigned with you, including but not limited to reasonable attorneys' fees and expenses, incurred and payable or paid by you shall be payable to you by the undersigned.

8. **Accounts Carried as Clearing Broker.** The undersigned understands that you are carrying the accounts of the undersigned as clearing broker by arrangement with the undersigned's introducing broker through whose courtesy the account of the undersigned has been introduced to you. Until receipt from the undersigned of written notice to the contrary, you may accept from and rely upon the undersigned's introducing broker (a) orders for the purchase or sale of securities and other property, and (b) any other instructions concerning the undersigned's accounts. The undersigned represents that the undersigned understands that you act only to clear trades introduced by the undersigned's introducing broker and to effect other back office functions for the undersigned's introducing broker. The undersigned confirms to you that the undersigned is relying for any advice concerning the undersigned's accounts solely on the undersigned's introducing broker. The undersigned understands that all representatives, employees and other agents with whom the undersigned communicates concerning the undersigned's account are agents of the introducing broker and not your representatives, employees or other agents. The undersigned understands that you are not a principal of or partner with, and do not control in any way, the introducing broker or its representatives, employees or other agents. The undersigned understands that you will not review the undersigned's accounts and will have no responsibility for trades made in the undersigned's accounts. You shall not be responsible or liable for any acts or omissions of the introducing broker or its representatives, employees or other agents.

BY SIGNING BELOW, THE UNDERSIGNED AGREES TO ALL TERMS OF THE MARGIN AND SHORT ACCOUNT AGREEMENT PRINTED ON THIS SIDE AND THE REVERSE SIDE OF THIS DOCUMENT. THE REVERSE SIDE OF THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE IN PARAGRAPH 10. The undersigned acknowledges that the undersigned's margin account securities may be borrowed by you or loaned to others.

For use by individuals (including joint accounts):

Signature: [signed]

Print Name: CHRISTOPHER J. HALL

Signature (Second Party, If Joint Account):

Print Name:

Date:

For use by entity accounts only (i.e, corporations, partnerships)

Customer Name: [redacted] 2041

Signature:

Print Name of Signatory:

Title:

By:

Date:

[Stamp: RECEIVED FEB 04 1999]

F.O.I.A. Confidential Treatment Requested on Behalf of Penson Worldwide Inc. by Akin Gump Strauss Hauer & Feld LLP

PX 121

PWI-SEC-694676

9. **Communications.** You may send communications to the undersigned at the address of the undersigned or at such other address as the undersigned may hereafter give you in writing, and all communications so sent, whether by mail, telegraph, messenger or otherwise, shall be deemed given to the undersigned personally, whether actually received or not. Reports of execution of orders and statements of accounts of the undersigned shall be conclusive if not objected to in writing to you, the former within five (5) days and the latter within ten (10) days, after forwarding by you to the undersigned by mail or otherwise.

THE FOLLOWING ARBITRATION AGREEMENT SHOULD BE READ IN CONJUNCTION WITH THESE DISCLOSURES:
  (a) ARBITRATION IS FINAL AND BINDING ON THE PARTIES;
  (b) THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO A JURY TRIAL;
  (c) PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS;
  (d) THE ARBITRATORS' AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED; AND
  (e) THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

10. **ARBITRATION AGREEMENT.** ANY AND ALL CONTROVERSIES, DISPUTES OR CLAIMS BETWEEN THE UNDERSIGNED AND YOU, OR THE INTRODUCING BROKER, OR YOUR AGENTS, REPRESENTATIVES, EMPLOYEES, DIRECTORS, OFFICERS OR CONTROL PERSONS OR THE AGENTS, REPRESENTATIVES, EMPLOYEES, DIRECTORS, OFFICERS OR CONTROL PERSONS OF THE INTRODUCING BROKER, ARISING OUT OF, IN CONNECTION WITH, FROM OR WITH RESPECT TO (a) ANY PROVISIONS OF OR THE VALIDITY OF THIS AGREEMENT OR ANY RELATED AGREEMENTS, (b) THE RELATIONSHIP OF THE PARTIES HERETO, OR (c) ANY CONTROVERSY ARISING OUT OF YOUR BUSINESS, THE INTRODUCING BROKER'S BUSINESS OR THE UNDERSIGNED'S ACCOUNTS, SHALL BE CONDUCTED PURSUANT TO THE CODE OF ARBITRATION PROCEDURE OF THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. ARBITRATION MUST BE COMMENCED BY SERVICE OF A WRITTEN DEMAND FOR ARBITRATION OR A WRITTEN NOTICE OF INTENTION TO ARBITRATE. IF YOU ARE A PARTY TO SUCH ARBITRATION, TO THE EXTENT PERMITTED BY THE RULES OF THE APPLICABLE ARBITRATION TRIBUNAL, THE ARBITRATION SHALL BE CONDUCTED IN DALLAS, TEXAS. THE DECISION AND AWARD OF THE ARBITRATOR(S) SHALL BE CONCLUSIVE AND BINDING UPON ALL PARTIES, AND ANY JUDGMENT UPON ANY AWARD RENDERED MAY BE ENTERED IN A COURT HAVING JURISDICTION THEREOF, AND NEITHER PARTY SHALL OPPOSE SUCH ENTRY.

11. **Hypothecation.** Within the limitations imposed by applicable laws, rules and regulations, all securities now or hereafter held by you, or carried by you in any account for the undersigned (either individually or jointly with others), or deposited to secure same, may from time to time, without any notice, be carried in your general loans and may be pledged, repledged, hypothecated or re-hypothecated, separately or in common with other securities for the sum due to you thereon or for a greater sum and without retaining in your possession or control for delivery a like amount of similar securities. It is understood, however, that you agree to deliver to the undersigned upon demand and upon payment of the full amount due thereon, all securities in such accounts, but without obligation to deliver the same certificates or securities deposited by the undersigned originally. Any securities in the undersigned's margin or short account may be borrowed by you, or lent to others.

12. **Interest.** Debit balances in all the accounts of the undersigned shall be charged with interest in accordance with your established custom, as disclosed to the undersigned in the Customer Information Brochure pursuant to the provisions of Rule 10b-16 of the Securities Exchange Act.

13. **Margin.** The undersigned agrees to maintain in all accounts with you such positions and margins as required by all applicable statutes, rules, regulations, procedures and custom, or as you deem necessary or advisable. The undersigned agrees to promptly satisfy all margin and maintenance calls.

14. **Sales.** The undersigned agrees to specifically designate any order to sell a security which the undersigned does not own as a short sale, and understands that you will mark such order as a short sale. The undersigned agrees that any order which is not specifically designated as a short sale is a sale of securities owned by the undersigned, and that the undersigned will deliver the securities on or before settlement date, if not already in the account. If the undersigned should fail to make such delivery in the time required, you are authorized to borrow such securities as necessary to make delivery for the undersigned's sale, and the undersigned agrees to be responsible for any loss you may thereby sustain, or which you may sustain as a result of your inability to borrow such securities.

15. **Representations.** The undersigned represents that the undersigned is of majority age, that the undersigned is not an employee of any exchange, or of any corporation of which any exchange owns a majority of the capital stock, or of a member of any exchange, or of a member firm or a member corporation registered on any exchange or of a bank, trust company, insurance company or of any corporation, firm or individual engaged in the business dealing either as broker or as principal in securities, bills of exchange, acceptances or other forms of commercial paper. If the undersigned is a corporation, partnership, trust or other entity, the undersigned represents that its governing instruments permit this Agreement, that this Agreement has been authorized by all applicable persons and that the undersigned signatory is authorized to bind the undersigned. The undersigned represents that the undersigned shall comply with all applicable laws, rules and regulations in connection with the undersigned's account. The undersigned further represents that no one except the undersigned has an interest in the account or accounts of the undersigned with you.

16. **Joint Account.** If the undersigned shall consist of more than one person, the undersigned's obligations under this Agreement shall be joint and several. References to the "undersigned" shall include each of the undersigned. You may rely on transfer or other instructions from any one of the undersigned in a joint account, and such instructions shall be binding on each of the undersigned. You may deliver securities or other property to, and send confirmations, notices, statements and communications of every kind, to any one of us, and such action shall be binding on each of us.

17. **Other Agreements.** The undersigned agrees to be bound by the terms of your Customer Account Agreement. If the undersigned trades any options, the undersigned agrees to be bound by the terms of your Customer Option Agreement. The undersigned understands that copies of these agreements are available from you and, to the extent applicable, are incorporated by reference herein. The terms of these other agreements are in addition to the provisions of this Agreement and any other written agreements between you and the undersigned.

18. **Miscellaneous.** If any provision of this Agreement is held to be unenforceable, it shall not affect any other provision of this Agreement. The headings of each section of this Agreement are descriptive only and do not modify or qualify any provision of this Agreement. This Agreement and its enforcement shall be governed by the laws of the state of Texas and shall cover individually and collectively all accounts which the undersigned has previously opened, now has open or may reopen with you, or any introducing broker, and any and all previous, current and future transactions in such accounts. Except as provided in this Agreement, no provision of this Agreement may be altered, modified or amended unless in writing signed by your authorized representative. This Agreement and all provisions shall inure to the benefit of your successors, whether by merger, consolidation or otherwise, your assigns, the undersigned's introducing broker, and all other persons specified in Paragraph 10. You shall not be liable for losses caused directly or indirectly by any events beyond your reasonable control, including without limitation, government restrictions, exchange or market rulings, suspension of trading or unusually heavy trading in securities, a general change in economic, political or financial conditions, war or strikes. You may transfer the accounts of the undersigned to your successors and assigns. This Agreement shall be binding upon the heirs, executors, administrators, successors and assigns of the undersigned.

F.O.I.A. Confidential Treatment Requested on Behalf of Penson Worldwide Inc. by Akin Gump Strauss Hauer & Feld LLP

PWI-SEC-694677