EXHIBIT 32

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY,
FLORIDA

CHRISTOPHER HALL, an individual,

       Plaintiff,

v.

WILLIAM P. MCNEER, III, an individual; and
SWEEZY INVESTMENTS, LLC, a Delaware
limited liability company,

       Defendants.

CIVIL DIVISION

CASE NO.: 2013 CA 001958 XXXX MB
DIVISION AA

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION

       This matter came before the Court on the Plaintiff's Emergency *Ex Parte* Motion for a Temporary Restraining Order and Motion for Expedited Discovery. An evidentiary hearing was conducted on the Plaintiff's Motion on April 24, 2013. Defendants were represented at this hearing and presented evidence in defense of the Plaintiff's Motion.[1] The Court having considered the evidence presented, and having considered the argument of counsel, makes the following findings.

       This case involves a business, and personal, relationship gone bad. Plaintiff, Christopher Hall, and Defendant, William P. McNeer, III, were friends and business associates. Mr. Hall is an investor who apparently has been involved in a myriad of complicated investments ranging from bonds, option contracts and other securities to real estate and various loan transactions. Mr. McNeer is primarily a mortgage broker who from time to time has assisted Mr. Hall with his business dealings.

---

[1] The Court denied a request by the Plaintiff to enter injunctive relief *ex parte* and set an evidentiary hearing with notice to all parties.

1

JX
14

The genesis of the current dispute is a loan from Defendant Sweezy Investments, LLC (hereinafter "Sweezy") to Retama Development Corporation (hereinafter "Retama"). Retama is owned by the City of Selma, Texas. Retama Entertainment Group manages and conducts business operations for Retama. Through an entity known as Call Now, Inc., Mr. Hall has a significant ownership interest in Retama Entertainment.

The actual loan to Retama by Sweezy is not in dispute. It is the backdrop to the loan, and the intent of the parties, that is contested. Retama needed capital to continue business operations. Mr. Hall wished to secure a loan for Retama. Mr. Hall had previously invested money in The Estates of Canyon Ridge, Ltd. The Estates of Canyon Ridge, Ltd. apparently owned income producing real property.[2]

Through a settlement involving the various parties with an interest in Canyon Ridge, Mr. Hall anticipated receiving money for his interest in Canyon Ridge which could be used for a loan to Retama. Mr. Hall did not want it to appear that the money was being loaned directly to Retama and this is where Sweezy becomes a part of the picture.[3]

The evidence is clear that money for the loan by Sweezy to Retama came from the Canyon Ridge project. Pursuant to the settlement agreement, $1,050,000.00 was wired on Mr. Hall's behalf to attorney James J. Hurchalla's trust account. In turn, $962,503.00 was transferred by Mr. Hurchalla to Sweezy to make the loan to Retama. Mr. McNeer

---

[2] Precisely how Mr. Hall's interest in Canyon Ridge was held is a bit confusing. At times, Mr. Hall acted individually and at other times through corporations, limited liability companies and limited partnerships.

[3] The reasons why the loan needed to be clandestine are candidly not material to this Order. Suffice it to say that Mr. Hall and Mr. McNeer both testified that they wanted the loan to appear as if it was from an unrelated third party lender.

Confidential Treatment
Request

Hall02580

was also paid directly from Mr. Hurchalla's trust account $24,000.00 as a "consulting fee" in connection with the loan to Retama.

The loan from Sweezy to Retama closed December 21, 2010.   The maturity date of the loan was January 1, 2014.   However, as a result of an acquisition of Retama, the loan was paid off in January of 2013.   On January 30, 2013, Mr. Hall, through counsel, demanded a return of the money paid by Retama to Sweezy.   On January 31, 2013, Mr. McNeer, through counsel, responded to the demand by asserting that Mr. Hall had no interest in the monies paid to Sweezy by Retama. The central issue in this case is whether the money repaid by Retama belongs to Mr. Hall or to Mr. McNeer.

There was no documentation concerning the transaction between Mr. Hall and Sweezy.   There is a paper trail establishing where the money at issue came from and where it went.   However, as to what would happen with the money when Retama repaid the loan to Sweezy, there are no documents memorializing an agreement.   This part of the transaction was done purely on trust based on the relationship between Mr. Hall and Mr. McNeer.

Based on the evidence, it is clear that the repaid loan funds belong to Mr. Hall. Mr. McNeer's explanation of his right to the money is not credible.   While Mr. McNeer produced an assignment of Mr. Hall's interest in Canyon Ridge to Sweezy, there was clearly no consideration for Mr. Hall simply turning $1,050,000.00 to Sweezy.   When asked by the Court to characterize the transfer, Mr. McNeer said it was a gift.   This is not credible.

While Mr. McNeer owns Sweezy, Sweezy was simply used as a conduit to permit a loan from Mr. Hall to Retama without disclosing the source of the money.   The evidence

Confidential Treatment
Request

Hall02581

supports an understanding between the parties that the money from Mr. Hall to Sweezy was Mr. Hall's money to be returned when the loan was repaid.

Based on the evidence presented, Mr. Hall is seeking to enjoin Mr. McNeer and Sweezy from transferring or absconding with the proceeds of the loan repayment from Retama to Sweezy. A preliminary injunction is an extraordinary remedy which should be granted only if the party seeking the injunction establishes the following criteria: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) consideration of the public interest. *Reserve At Wedgefield Homeowners' v. Dixon*, 948 So.2d 65 (5th DCA 2007). Mr. Hall has satisfied the elements necessary for the issuance of a preliminary injunction.

There is a substantial likelihood of success on the merits. The clear and convincing evidence establishes that the loan proceeds belong to Mr. Hall and Mr. McNeer has essentially converted the money to his own use.

Of particular significance here, Mr. Hall has established the elements necessary to impose a constructive trust. The elements for a constructive trust are: (1) a promise; (2) transfer of the property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment. *Regmann v. Slater*, 922 So.2d 1110, 1112 (Fla. 4th DCA 2006). The evidence supports each of these elements.

The Court will address the unavailability of an adequate remedy at law and irreparable harm together. In most cases, a dispute over money cannot support injunctive relief. The remedy is a judgment for money damages. However, under the unique facts of this case, the Court finds that a mere legal remedy is inadequate and irreparable harm will result if injunctive relief is not granted.

Confidential Treatment
Request

Hall02582

To begin, the money, or *res,* here is clear and identifiable – the loan proceeds repaid by Retama – and Mr. Hall has established the elements necessary to impose a constructive trust with respect to this money. More to the point, Mr. McNeer has by his actions demonstrated an attempt to hide the money and place it out of Mr. Hall's reach.

The evidence established that immediately after receipt of the monies into Sweezy, Mr. McNeer transferred the money into trust accounts set up for his children and into an entirities account with his wife. The trusts thereafter immediately made investments totaling $900,000.00 in an Alaskan limited liability company. The evidence supports a finding that absent injunctive relief Mr. McNeer will dissipate or secret the funds beyond the reach of the Court.

Based on the foregoing, it is hereby,

ORDERED AND ADJUDGED as follows:

1.     Mr. Hall's Emergency *Ex Parte* Motion for a Temporary Restraining Order and Motion for Expedited Discovery is GRANTED.

2.     Defendants Sweezy Investments, LLC and William P. McNeer, III and all those acting on their behalf or under their direction, including Mr. McNeer's spouse and trustees of irrevocable trusts created for the benefit of Mr. McNeer's children are hereby enjoined and restrained from transferring, secreting or otherwise dispossessing themselves of the proceeds from the Retama loan which was repaid on or about January 31, 2013.

3.     Defendants Sweezy Investments, LLC and William P. McNeer, III shall provide all recipients of any portion of the proceeds of the Retama Loan with a copy of

5 of 6

Confidential Treatment
Request

Hall02583

this Order.  All persons with actual notice of this Order are enjoined from taking any

action inconsistent with this Order.

       4.     Plaintiff Christopher J. Hall shall post a bond within 10 days in the amount

of $25,000.00.

     **DONE AND ORDERED** in Palm Beach County, Florida, this 29 day of April,

2013.

                               HONORABLE GLENN KELLEY
                               CIRCUIT COURT JUDGE

Copies furnished:

Daniel S. Newman, Esq. - dnewman@broadandcassel.com

Marc S. Dobin, Esq. - service@DobinLaw.com

Confidential Treatment
Request

Hall02584