# EXHIBIT 33

IN THE CIRCUIT COURT, OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

JUNE OZNER,

    Plaintiff,

vs.

CHRISTOPHER J. HALL,

    Defendant.

_____/

CASE NO.:

DIVISION 50 2010 CA 003052 XXXXMB

## COMPLAINT

Plaintiff, JUNE OZNER (hereinafter "OZNER" or "Plaintiff") sues Defendant,
CHRISTOPHER J. HALL (Hereinafter "HALL" or "Defendant"), and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    This is a Complaint for damages in excess of $1,350,000.00 for breach of
a Promissory Note and to foreclose a security interest on shares of stock in Call Now, Inc.

2.    Plaintiff is a resident of Palm Beach County, Florida.

3.    Defendant is a resident of San Antonio, Texas.

4.    At all times relevant, the actions which occurred and are hereinafter
described, occurred in the State of Florida.

5.    On or about August 23, 2006, the Defendant executed and guaranteed a
Promissory Note in favor of the Plaintiff, JUNE OZNER (the Note was jointly to Lawrence
Ozner, her husband who is deceased), and Plaintiff is now the sole owner and holder of
said Promissory Note. The Note was amended from time to time.

6.    The principal amount of the note and monies loaned by Plaintiff to Defendant

-1-

DX 42

was $1,350,000.00, for which no part of the principal has been repaid.

7.    Attached hereto and identified as Composite Exhibit "A" are copies of the Note and Amendments thereto, all of which collectively are referred to as "the Note".

8.    In addition to not paying any principal, the Defendant has failed to pay any interest on said Note.

9.    The Note is in default for failure to pay principal when due and interest when due and to the present.

10.    Plaintiff has made demand upon Defendant for payment and Defendant, while acknowledging said indebtedness, has failed to make said payments for principal and interest.

11.    As part of the security for the payment of the Note, the Defendant tendered to Plaintiff Stock Certificates No. 4147, 4085, and 4087 in an entity known as Call Now, Inc. A copy of the stock certificates are attached hereto and incorporated herein as Composite Exhibit "B".

12.    Plaintiff is in possession of the originals of the above described stock certificates and seeks to foreclose any interest of Defendant therein, so that she can be declared the sole owner of said stock certificates with full power to sell, hold or otherwise dispose of said stock certificates.

13.    This Court has jurisdiction over the Defendant for the following reasons:

      a)    Paragraph 13 of Composite Exhibit "A" ("the Note"), provides as follows: "Ths contract is subject to the laws of the State of Florida and is under the jurisdiction of the courts of the State of Florida."

      b)    The monies which are the subject of the Note were loaned by Plaintiff

-2-

to Defendant in Florida.

c)    The payments due from Defendant to Plaintiff were to be made in Florida.

d)    At the time of the subject loan transaction, the Defendant was residing in the State of Florida.

e)    The subject Note (Composite Exhibit "A") was signed by the Defendant in Florida.

14.    This Court has jurisdiction for the above reasons and in addition pursuant to Chapter 48.193(1), Florida Statutes, in that the Defendant transacted business in the State of Florida and breached a contract in the State of Florida.

15.    The Plaintiff has incurred attorney's fees in the prosecution of this action and Defendant is obligated to pay attorney's fees pursuant to the Note attached as Composite Exhibit "A".

16.    The Plaintiff has performed all conditions precedent or said conditions have occurred, have been waived, or have been excused.

## COUNT I
## BREACH OF CONTRACT - PROMISSORY NOTE

17.    Plaintiff hereby re-alleges and re-incorporates the allegations in paragraphs 1-16, as if set forth herein.

18.    This is a count for damages of $1,350,000.00 plus interest, costs and attorney's fees for failure of Defendant to pay the Promissory Note attached hereto as Composite Exhibit "A".

-3-

19.    Although demand has been made, and Defendant has promised to repay said Note, Defendant has failed and refused to pay said Note and said Note is now past due and in default.

20.    Plaintiff has incurred attorney's fees in the prosecution of this action and Defendant is obligated for said attorney's fees.

WHEREFORE,   Plaintiff requests entry of a judgment for breach of contract by virtue of failure to pay the Promissory Note attached as Composite Exhibit "A", in the sum of $1,350,000.00, plus interest, costs and reasonable attorney's fees, and for such other relief which is fair and equitable.

## COUNT II
## FORECLOSURE OF SECURITY INTEREST

21.    Plaintiff hereby re-alleges and re-incorporates the allegations in paragraphs 1-16, as if set forth herein.

22.    Pursuant to Composite Exhibit "A" which is a Promissory Note and Uniform Secured Note (as set forth in paragraph 11 of said Note), the Plaintiff is in possession of stock certificates identified as Exhibit "B" attached hereto and more specifically described as Stock Certificate No. 4147 for 100,000 shares of Call Now, Inc. in the name of Christopher J. Hall, dated November 11, 2005; and Stock Certificate No. 4085 for 114,104 shares of Call Now, Inc. in the name of Christopher J. Hall, dated March 19, 2004; and Stock Certificate No. 4087 for 721,463 shares of Call Now, Inc. in the name of Christopher J. Hall, dated March 19, 2004.  These stock certificates were voluntarily given to Plaintiff as security by defendant at the time of execution of the Note by Defendant.

-4-

23.     Plaintiff is the owner and holder of the Promissory Note that contains the Security Agreement and in addition is in possession of the originals of the above stock certificates attached as Exhibit "B" hereto.

24.     The encumbered stock certificates are owned by Christopher J. Hall, although Plaintiff holds possession of said certificates.

25.     Christopher J. Hall has defaulted under the Promissory Note and Uniform Security Agreement contained therein by failing to pay the principal when due as well as accrued interest, all as previously set forth.

26.     Under the Note and Security Agreement included therein, Defendant Christopher J. Hall owes the Plaintiff the principal sum of $1,350,000.00, along with costs and interest, and attorney's fees.

27.     In the Note (with included Security Agreement), Plaintiff was granted a security interest in said stock certificates, higher in indignity and prior in time and place to the claims of any other person or entity.

WHEREFORE, Plaintiff requests a judgment foreclosing the Note and Security Agreement on the subject stock certificates, determining that the rights of Plaintiff are superior to all others, and awarding Plaintiff the sole ownership right, title, and posession to said stock certificates, and in addition, if the proceeds of the sale, if any, are insufficient to pay Plaintiff's claim, that a deficiency judgment be entered against Defendant, as well as for such other and further relief as may be fair and equitable.

-5-

DATED: _____ 1/29/10 _____

SHERMAN LAW OFFICES, CHARTERED
Attorneys for Plaintiff
1000 Corporate Drive
Suite 310
Ft. Lauderdale, Florida  33334
Telephone:  (954)  489-9500
Facsimile:   (954)  489-9531

By:_____
CRAIG B. SHERMAN, ESQUIRE
Florida Bar No. 189540

-6-

# InterestFirst ᔆᴹ NOTE

| August 23, 2006 | Christopher J. Hull on behalf of Pristine Villaggio LLC. | Breckenridge, | Colorado |
|---|---|---|---|
| [Date] | (Borrower) | [City] | [State] |

2856 Ski Hill Road, Breckenridge, CO 80424
[Property Address]

**1.     BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $1,350,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Laurence Ozner and June Ozner, a married couple. I will make all payments under this Note in the form of cash, check or money order.

**2.     INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 14.00%.

The interest rate required by this Section 2 is the rate I will pay before any default described in Section 7 of this Note.

**3.     PAYMENTS**

        **(A)     Time and Place of Payments**

Balloon payment of principal and interest is due on January 15th, 2007.

**4.     BORROWER'S RIGHT TO PREPAY**

Borrower may not prepay prior to January 15th 2007

**5.     LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.     ADDITIONAL COLLATERAL**

As additional security to this Note the Borrower will present to the Lender 214,104 common shares of Call Now Inc. (CLNW), a publicly traded company. These will be presented in two (2) certificates (4085 and 4147). As further collateral the borrower will deliver to the lender $1,564,589 Cambridge Student Housing Finance Co. LP bonds (Certificate #_____) for the duration of the note.

**7.     BORROWER'S FAILURE TO PAY AS REQUIRED**

        **(A)     Default**

If I do not pay the full amount on the date it is due, I will be in default.

        **(B)     No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

        **(C)     Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

        **(D)     Default Interest Rate:  The Default Interest Rate shall be 18%.**

**8.     GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

9.    **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10.    **WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11.    **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

12.    **DOCUMENTARY TAX**

The state tax due on this Note has been paid on the security securing this indebtedness.

13.    This contract is subject to the laws of the State of Florida and is under the jurisdiction of the courts of the State of Florida.

The funds from this note are to be wired directly to Land Title Gurantee Company at:

| | |
|---|---|
| Bank: | Bank of the West |
| | 106 N. French Street |
| | Breckenridge, CO 80424 |
| | 970-453-2521 |
| To Credit: | Land Title Guarantee Co. |
| | 200 North Ridge |
| | Breckenridge, CO 80424 |
| ABA | 121100782 |
| Acct # | ████4315 |
| To Further Credit: | Escrow ████0856 |
| Reference: | Pristine Villagio |
| Attention: | Debbie L. Neely |

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
Pristine Villaggio, LLC.                       - Borrower
Christopher J. Hall

_____ (Seal)
                                               - Personal Gurantor

**9.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.    WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11.    UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**12.    DOCUMENTARY TAX**

The state tax due on this Note has been paid on the security securing this indebtedness.

**13.**    This contract is subject to the laws of the State of Florida and is under the jurisdiction of the courts of the State of Florida.

The funds from this note are to be wired directly to Land Title Guarantee Company at:

| | |
|---|---|
| Bank: | Bank of the West |
| | 106 N. French Street |
| | Breckenridge, CO 80421 |
| | 970-453-2521 |
| To Credit: | Land Title Guarantee Co. |
| | 200 North Ridge |
| | Breckenridge, CO 80424 |
| ABA | 121100782 |
| Acct # | ████4315 |
| To Further Credit: | Escrow ████0856 |
| Reference: | Pristine Villagio |
| Attention: | Debbie L. Neely |

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____    (Seal)
Pristine Villaggio, LLC                        - Borrower and
                                                Personal Guarantor
Christopher J. Hall

# Amendment to Note dated August 23, 2006

**#3   PAYMENTS**

The due date of the balloon payment of principal and interest will be extended six months from the original ~~August 24, 2007~~ date.
August 23, 2016    20 %

Borrower: _____
Christopher J. Hall

Lenders: _____
Laurence Ozner

_____
June Ozner

*Signed copy, Received 2/26/07*

*original if Safe Deposit Box*

## SECOND NOTE MODIFICATION AGREEMENT

WHEREAS, on August 23, 2006 Christopher J. Hall, individually and on behalf of Pristine Villaggio LLC (the "Borrower"), executed a Note in the original sum of $1,350,000.00 and delivered certificated securities described therein to Laurence Ozner and June Ozner (the "Lender") securing same; and;

WHEREAS, the Parties amended said Note by Note and Security Modification Agreement dated January 15, 2007; and

WHEREAS, the parties desire to further modify the aforesaid Note;

NOW, THEREFORE, in consideration of the mutual covenants and conditions herein contained, the receipt and sufficiency of which are hereby acknowledged, it is agreed that the Note, as amended, be and the same is hereby modified as follows:

1.     The terms and provisions of the Note as amended are incorporated herein by reference as if fully set forth herein.

2.     Due to the death of Laurence Ozner, the Lender, as described in Paragraph 1 of the Note, is June Ozner.

3.     The maturity date is extended to February 22, 2009 at which time the entire principal balance together with accrued interest shall become due and payable.

4.     Simultaneously with the execution of this Second Note Modification Agreement, the Borrower shall pay the Lender the sum of $298,730.00 representing accrued and unpaid interest. Said sum shall be paid by certified funds

5.     Quarterly interest in the sum of $47,250.00 shall be paid to the Lender on May 23, 2008, August 23, 2008 and November 23, 2008.

6.     The Note shall be deemed modified by the provisions set forth above and, in all other respects, remains in full force and effect and is hereby affirmed by the parties hereto.

7.     The Borrower shall pay the Lender's attorney's fees concerning this modification.

*Second Note Modification Agreement*
*Page 2*

IN WITNESS WHEREOF, the parties have hereunto set their hands this February 2̲6̲, 2008.

LENDER:                                   BORROWER:

                                          Pristine Villaggio, LLC

_____

June Ozner .                              BY: _____
                                              Christopher J. Hall, Manager

                                          _____
                                          Christopher J. Hall, Individually

## ACKNOWLEDGMENTS

STATE OF _Texas_____ ; COUNTY OF _Bexar_____

BEFORE ME, personally appeared Christopher J. Hall, to me personally known to be the person who executed the foregoing instrument or who provided _Florida DL_____ as identification and he acknowledged to me that he executed the same on this February 2̲5̲, 2008.

_____
NOTARY PUBLIC
My Commission Expires:



ALICIA LITTLE
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires May 26, 2009



Co. ID: 787   **RESTRICTED STOCK**

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT
INCORPORATED UNDER THE LAWS OF THE STATE OF

*Nevada*

NUMBER

4147

SHARES

*100,000*

# CALL NOW, INC.

AUTHORIZED COMMON STOCK, 50,000,000 SHARES
PAR VALUE $.001   CUSIP NO. 13100V 20 2

THIS CERTIFIES THAT

CHRISTOPHER J HALL

IS THE RECORD HOLDER OF

*ONE HUNDRED THOUSAND*

Shares of **CALL NOW, INC.** Common Stock

transferable on the books of the Corporation in person or by duly authorized attorney upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:   NOVEMBER 11, 2005

PRESIDENT & CEO

CALL NOW, INC. CORPORATE Seal NEVADA

COUNTERSIGNED & REGISTERED

COUNTERSIGNED Transfer Agent-Authorized Signature

INTERWEST TRANSFER CO. INC. P.O. BOX 17136 / SALT LAKE CITY, UTAH 84117





**RESTRICTED STOCK**

Co. ID: 787

CALL NOW, INC.

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT
INCORPORATED UNDER THE LAWS OF THE STATE OF

Nevada

NUMBER
4085

SHARES
*114,104*

CUSIP NO. 13100V 20 2

AUTHORIZED COMMON STOCK: 50,000,000 SHARES
PAR VALUE $.001

The shares represented and any shares ... effective immediately ... shares registered ... The shares have not been registered with ... The securities ... The shares or ... under the Securities Act, and may only be sold pursuant to the securities ... acquired for investment and not with a view to ... distribution thereof. under for the absence of such registration or ... acquired in the shares ... required by the ... registered in shares then be required ...

THIS CERTIFIES THAT
(is said or ... a transfer ...)
opinion of counsel may

CHRISTOPHER J HALL

IS THE RECORD HOLDER OF

*ONE HUNDRED FOURTEEN THOUSAND ONE HUNDRED FOUR*

Shares of CALL NOW, INC. Common Stock

transferable on the books of the Corporation in person or by duly authorized attorney upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated: MARCH 19, 2004

PRESIDENT & CEO

CALL NOW, INC.
CORPORATE
Seal
NEVADA

COUNTERSIGNED & REGISTERED

COUNTERSIGNED Transfer Agent-Authorized Signature

INTERWEST TRANSFER CO. INC. P.O. BOX 17136 / SALT LAKE CITY, UTAH 84117





Co. ID: 787    **RESTRICTED STOCK**

NUMBER
4087

CALL NOW, INC.

NOT VALID UNLESS COUNTERSIGNED BY TRANSFER AGENT
INCORPORATED UNDER THE LAWS OF THE STATE OF *Nevada*

SHARES
*721,463*

CUSIP NO. 13100V 20 2

THIS CERTIFIES THAT

IS THE RECORD HOLDER OF

CHRISTOPHER J HALL

*SEVEN HUNDRED TWENTY ONE THOUSAND FOUR HUNDRED SIXTY THREE*

Shares of CALL NOW, INC. Common Stock

transferable on the books of the Corporation in person or by duly authorized attorney upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness the facsimile seal of the Corporation and the facsimile signatures of its duly authorized officers.

Dated:    MARCH 19, 2004

PRESIDENT & CEO

CALL NOW, INC.
CORPORATE
Seal
NEVADA

COUNTERSIGNED & REGISTERED

COUNTERSIGNED Transfer Agent-Authorized Signature

INTERWEST TRANSFER CO. INC. P.O. BOX 17136 / SALT LAKE CITY, UTAH 84117

The following abbreviations, when used in the inscription on the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations.

TEN COM - as tenants in common
TEN ENT - as tenants by the entireties
JT TEN   - as joint tenants with right of
                survivorship and not as tenants
                in common

UNIF GIFT MIN ACT - .................Custodian ..............
                                            (Cust)                (Minor)
under Uniform Gifts to Minors
Act.......................................................
                                        (State)

Additional abbreviations may also be used though not in the above list.

For Value Received, _____ hereby sell, assign and transfer unto

PLEASE INSERT SOCIAL SECURITY OR OTHER
IDENTIFYING NUMBER OF ASSIGNEE

_____
(PLEASE PRINT OR TYPEWRITE NAME AND ADDRESS, INCLUDING ZIP CODE, OF ASSIGNEE)

_____

_____

_____Shares

of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint

_____Attorney
to transfer the said stock on the books of the within named Corporation with full power
of substitution in the premises.

Dated _____

_____
NOTICE:   THE SIGNATURE TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME AS WRITTEN UPON THE FACE OF THE
                CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATEVER

• NOTICE SIGNATURE GUARANTEED:

SIGNATURE(S) MUST BE GUARANTEED BY A FIRM WHICH IS A MEMBER OF A REGISTERED NATIONAL STOCK
EXCHANGE, OR BY A BANK (OTHER THAN A SAVINGS BANK). OR A TRUST COMPANY. THE GUARANTEEING
FIRM MUST BE A MEMBER OF THE *MEDALLION GUARANTEE PROGRAM.*

TRANSFER FEE WILL APPLY

❖❖❖ FOR MEDALLION GUARANTEE USE ONLY ❖❖❖

The shares represented by this certificate have not been registered under the Securities Act of 1933, as amended. The shares have been acquired for investment and may not be offered, sold or otherwise transferred in the absence of an effective registration statement with respect to the shares or an exemption from the registration requirements of said act that is then applicable to the shares, as to which a prior opinion of counsel may be required by the issuer or the transfer agent.

STATE OF FLORIDA • PALM BEACH COUNTY

I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.

THIS 2nd DAY OF February 20 17

SHARON R. BOCK
CLERK & COMPTROLLER

By Catoria Walla

DEPUTY CLERK

# VERIFIED RETURN OF SERVICE

State of FLORIDA                County of PALM BEACH                Circuit Court

Case Number: 502010CA003052XXXXMB AJ

Plaintiff:
**JUNE OZNER**
vs.
Defendant:
**CHRISTOPHER J. HALL**

For: Craig B. Sherman
    SHERMAN LAW OFFICES

Received by COMPASS INVESTIGATIONS on the 2nd day of February, 2010 at 11:22 am to be served on **CHRISTOPHER J. HALL, 106 BISON ROAD, SAN ATONIO, TX 78233.** I, _Carl L. Jackson_, being duly sworn, depose and say that on the _11_ day of _February_, 20_10_ at _5:55_ p.m., executed service by delivering a true copy of the **SUMMONS and COMPLAINT WITH EXHIBITS** in accordance with state statutes in the manner marked below:

(✓) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____

( ) POSTED SERVICE: After attempting service on __/__ at _____ and on __/__ at _____ to a conspicuous place on the property described herein.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as
_____

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Subscribed and Sworn to before me on the _____ day
of ___FEB 1 6 2010___ by the affiant who is
personally known to me.

NOTARY PUBLIC

**JUSTIN SAYERS**
MY COMMISSION EXPIRES
July 12, 2011

PROCESS SERVER # _SCI+ 3076_
Appointed in accordance with State Statutes

COMPASS INVESTIGATIONS
10 South New River Drive, East
Suite 205
Fort Lauderdale, FL 33301
(954) 527-5722
Our Job Serial Number: 2010000950

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3x

IN THE CIRCUIT COURT, OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

JUNE OZNER,

     Plaintiff,

vs.

CHRISTOPHER J. HALL,

     Defendant.

_____/

CASE NO.:

DIVISION:

## SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the state:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint.

        **Christopher J. Hall**
        **106 Bison Rd.**
        **San Antonio, TX 78233**

     Defendant is required to serve written defenses to the Complaint or Petition on:

        **Craig B. Sherman, Esq.**
        **Florida Bar No. 189540**
        **Sherman Law Offices, Chartered**
        **1000 Corporate Drive, Suite 310**
        **Fort Lauderdale, Florida  33334**
        **Tel:  (954)  489-9500**
        **Fax:  (954)  489-9531**

Plaintiff's attorneys, within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorneys or immediately thereafter. If Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint or Petition.



## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.  Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's attorneys"  (Demandante o Abogado del Demandante").

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's attorneys"  (Plaignant ou a son avocat) nomme ci-dessous.

Dated: _____ FEB - 4 2015 _____

SHARON R. BOCK
Clerk & Comptroller

CLERK OF THE COURT:

By: _____
As Deputy Clerk
NAKIA ULISSE

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office with redactions, if any as required by law.
THIS ___ DAY OF _____ 20__
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK